13-872-cv
*O'Brien v. Barrows*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
                 RICHARD C. WESLEY,
                 RAYMOND J. LOHIER, JR.,
                      *Circuit Judges.*

_____

KELLEY S. O'BRIEN,

     *Plaintiff-Appellant*,

     - v -                                                                      No. 13-872-cv

ROBERT BARROWS, Police Officer, Shelburne
Police Department, TOWN OF SHELBURNE,

     *Defendants-Appellees,*

JAMES WARDEN, Chief, Shelburne Police
Department, TOWN MANAGER OF
SHELBURNE, SHELBURNE POLICE
DEPARTMENT,

     *Defendant.*[1]

_____

---

[1] The Clerk of Court is directed to amend the caption as shown above.

1

For Plaintiff-Appellant:                Tara J. Devine, Law Office of Tara J. Devine,
                                        Rutland, VT

For Defendant-Appellee Barrows:         James F. Carroll, English, Carroll & Boe, PC,
                                        Middlebury, VT; Kevin J. Coyle, McNeil,
                                        Leddy & Sheahan, P.C., Burlington, VT.

For Defendant-Appellee Town             Nancy G. Sheahan and Kevin J. Coyle, McNeil,
 of Shelburne:                          Leddy & Sheahan, P.C., Burlington, VT.


Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-appellant Kelley O'Brien appeals from a judgment entered on February 7, 2013,

by the United States District Court for the District of Vermont (Murtha, *J.*), granting defendants-

appellees' motion for summary judgment in its entirety. On appeal, O'Brien challenges the

district court's dismissal of his excessive force claim brought against Officer Robert Barrows

and his failure-to-train claim brought against the Town of Shelburne ("Town"). We assume the

parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The district court dismissed O'Brien's excessive force claim against Barrows after

finding that Barrows was entitled to qualified immunity because it was objectively reasonable for

Barrows to believe that his conduct did not violate any clearly established constitutional right.

On appeal, O'Brien challenges this finding, arguing that, based on clearly established law, it was

not objectively reasonable for Barrows to use deadly force in seeking to apprehend him.

"A police officer is entitled to qualified immunity if (1) his conduct does not violate a

clearly established constitutional right, or (2) it was 'objectively reasonable' for the officer to

believe his conduct did not violate a clearly established constitutional right." *Hartline v. Gallo*,

2

546 F.3d 95, 102 (2d Cir. 2008). In the excessive force context, "[s]ummary judgment should not be granted on the basis of a qualified immunity defense premised on an assertion of objective reasonableness unless the defendant 'show[s] that no reasonable jury, viewing the evidence in the light most favorable to the [p]laintiff, could conclude that the defendant's actions were objectively unreasonable in light of clearly established law.'" *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003) (first alteration in original) (quoting *Ford v. Moore*, 237 F.3d 156, 162 (2d Cir. 2001)).

The district court granted summary judgment in favor of Barrows on the second prong of the qualified immunity analysis, because, given the threat that O'Brien posed to Barrows and others, no clearly established law "ma[de] the unlawfulness of [Barrows'] conduct apparent." *O'Brien v. Barrows*, 1:10-cv-173-JGM, 2013 WL 486655, at *8 (D. Vt. Feb. 7, 2013). In so holding, the district court recognized that, under Supreme Court precedent, it is well established that "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). It also acknowledged that, under our precedent, "it 'is not objectively reasonable for an officer to use deadly force to apprehend a [fleeing motorist] unless the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.'" *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 764 (2d Cir. 2003) (quoting *O'Bert*, 331 F.3d at 36). However, the district court distinguished *Cowan* on the ground that *Cowan* holds only that "an officer should not shoot at a fleeing motorist who poses no apparent threat to the officer or others." *O'Brien*, 2013 WL 486655, at *8. The district court found that such an apparent threat existed in this case, and therefore, even taking the evidence in the light

3

most favorable to O'Brien, it was not clear that Barrows "should have reasonably understood that his use of deadly force violated the Fourth Amendment." *Id*. at \*7. For substantially the reasons stated by the district court, we agree.

O'Brien also challenges the district court's finding that, "viewing the summary judgment record in the light most favorable to him, [O'Brien] has not supported his failure-to-train claim with sufficient facts" to establish municipal liability. *Id*. at \*10. He asserts that the Town was deliberately indifferent to his rights because it ignored a patently obvious risk that its deficient training would infringe his rights. This theory of liability is premised on the Supreme Court's refusal "to foreclose the possibility, however rare, that the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick v. Thompson*, 131 S. Ct. 1350, 1361 (2011). Indeed, the Court has suggested that failing to provide an armed police officer with *any* training about the constitutional limitations on the use of deadly force could constitute deliberate indifference. *Id.* (describing the "single-incident liability" hypothesized in *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989) (internal quotation marks omitted)).

O'Brien's failure-to-train claim is premised on his contention that Shelburne Police Department ("SPD") officers merely read the Town's policy on the use of deadly force at in-service trainings, but do not receive classroom training or testing to ensure that the policy has been understood. That, in his view, is tantamount to a lack of training on the constitutional limits on the use of deadly force. But, as the district court noted, O'Brien's description does not fully account for the training that the SPD provides to its officers. Nor has O'Brien identified any authority for his argument that the SPD's method or quantity of training provided to its officers is insufficient— and we are aware of none. Moreover, there was no indication that the SPD's

4

training was inadequate given its nearly unblemished record with respect to allegations of excessive force. In sum, we agree with the district court that O'Brien has not shown that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Canton*, 489 U.S. at 390.

We have considered the parties' remaining arguments and find they are without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK